UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-131-RJC
(3:16-cr-303-RJC-DCK-1)

| | |
|---|---|
| EMMANUEL HARGROVE GUY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

I. **BACKGROUND**

Petitioner and two co-defendants were indicted for: Count (1), conspiracy to commit theft of a firearm from a federal firearm licensee; Count (2), theft from a licensed firearm dealer and aiding and abetting the same; and Count (3), possession of stolen firearms and aiding and abetting the same. (3:16-cr-303, Doc. No. 22).

Petitioner pled guilty to Count (2) in exchange for the Government's dismissal of the remaining Counts. (3:16-cr-303, Doc. No. 54). The plea agreement contained appellate and post-conviction waivers. (3:16-cr-303, Doc. No. 54 at 4).

Petitioner admitted in the written factual proffer in support of his guilty plea that he, his two co-defendants, and an unindicted co-conspirator "burglarized The Range at Lake Norman, a Federal Firearms Licensee…." (3:16-cr-303, Doc. No. 55 at 1). Petitioner and two of the other pariticipants broke out glass in a door with a hammer, entered the entry are and broke a second

1

window. They entered the gun store and "[a]ll three men grabbed rifles and/or pistols…." (3:16-cr-303, Doc. No. 55 at 2).

The Presentence Investigation Report ("PSR") scored the base offense level as 18. (3:16-cr-303, Doc. No. 73 at ¶ 35). Six levels were added because the offense involved 25 or more firearms and two more levels were added because the firearms were stolen. (3:16-cr-303, Doc. No. 73 at ¶¶ 36-37). Four levels were added because Petitioner used or possessed a firearm or ammunition in connection with another felony offense, "burglary at The Range at Lake Norman," or possessed or transported any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony. (3:16-cr-303, Doc. No. 73 at ¶ 38). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 27. (3:16-cr-303, Doc. No. 73 at ¶¶ 45-47). Petitioner had zero criminal history points and a criminal history category of I. (3:16-cr-303, Doc. No. 73 at ¶ 52). The resulting advisory guideline range was 70-87 months' imprisonment. (3:16-cr-303, Doc. No. 73 at ¶ 74).

At sentencing, the guideline range was adjusted to reflect the correct number of firearms involved, and the final guideline range was 57-71 months' imprisonment. See (3:16-cr-303, Doc. No. 82). The Court sentenced Petitioner at the bottom of the guidelines to 57 months' imprisonment followed by three years of supervised release. (3:16-cr-303, Doc. No. 73 at ¶ 81). The Fourth Circuit affirmed on March 29, 2018. See (3:16-cr-303, Doc. No. 98).

Petitioner filed the instant § 2255 Motion to Vacate on March 12, 2018. He argues that counsel was ineffective for failing to object to the four-level increase pursuant to Guidelines § 2K2.1(b)(6)(B) because he did not possess any firearm when he entered the gun store, did not use any of the stolen weapons to commit a separate offense, and is therefore being punished twice for the same conduct.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The U.S. Sentencing Guidelines provide as follows with regard to specific offense characteristics for firearms offenses:

> If the defendants … used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels….

U.S.S.G. § 2K2.1(b)(6)(B).

This subsection applies if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense. U.S.S.G. § 2K2.1(b)(6)(B), application note 14(A). "Another felony offense" for purposes of this subsection means "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction

3

obtained." § 2K2.1(b)(6)(B), application note 14(C). For instance, Subsection (b)(6)(B) applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary…." U.S.S.G. § 2K2.1(b)(6)(B), application note 14(B).

Petitioner argues that the Court erred in imposing a four-level enhancement pursuant to § 2K2.1(b)(6)(B), for use or possession of a firearm in connection with another felony offense. He argues that he did not possess any firearms when he entered the store and did not use any of the stolen firearms to commit any crime after the theft. The enhancement effectively punishes him twice – for both theft and burglary – for the same conduct.

The Guidelines specifically provide that the enhancement is warranted when a defendant does not initially possess a firearm but only acquires it during a burglary. U.S.S.G. § 2K2.1(b)(6)(B), application note 14(B); see, e.g., United States v. Pridgen, 623 Fed. Appx. 62, 63–64 (4th Cir. 2015) (rejecting defendant's argument that the district court clearly erred in imposing a four-level enhancement pursuant to § 2K2.1(b)(6)(B) because he did not possess the firearms until after he broke into the victim's house, and finding that there is no meaningful basis to distinguish between North Carolina breaking and entering and generic "burglary" under § 2K2.1 note 14(B)). Petitioner admitted in his written factual proffer that he took firearms and/or shotguns while burglarizing the gun shop. (3:16-cr-303, Doc. No. 55 at 1-2). Counsel cannot be deemed deficient for failing to make a legally and factually meritless objection to the application of § 2K2.1(b)(6)(B) under these circumstances. See generally Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.").

## IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 16, 2018

Robert J. Conrad, Jr.
United States District Judge